IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BRANDON PELLY,              ) | |
|                             ) | |
|     Plaintiffs,             ) | |
|                             ) | Case No: 1:25-cv-1126-STA-jay |
| v.                          ) | |
|                             ) | |
| JACKSON POLICE              ) | |
| DEPARTMENT, et al.          ) | |
|                             ) | |
|     Defendants.             ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
FOR DISMISSAL
AND
<u>CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH</u>

Plaintiff Brandon Pelly, pro se, filed the original complaint in this matter on May 21, 2025, using the official form for complaints for violation of civil rights under 42 U.S.C. § 1983.  (ECF No. 1.) He was granted leave to proceed *in forma pauperis* on May 22, 2025. (ECF No. 6.) The was referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. *See* Admin. Order 2013-05.

On September 30, 2025, the Magistrate Judge ordered Plaintiff to amend his complaint because he had failed to provide factual support for any claims against the Jackson Police Department or the Madison County Criminal Justice Complex – the only two defendants named in his complaint. (ECF No. 7.) Plaintiff filed an amended complaint on October 6, 2025 (ECF No. 8) and a second amended complaint (ECF No. 9) on November 18, 2025. Plaintiff's first amended complaint added "Sgt. Howell." The second amended complaint, which was filed without

permission, asked that "Sgt. Howell" be dismissed and "Yvette Cross" be added as a defendant. No other defendants were named in the second amended complaint.

On November 21, 2025, the Magistrate Judge recommended that the amended complaints be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because the allegations were "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." (Mag. J. Rep. & Rec. p. 3 (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)), ECF No. 10.) As correctly noted by the Magistrate Judge, Plaintiff "fails to make any factual allegations against the one named Defendant Yvette Cross and fails to articulate any causes of action. Even considering his original Complaint, Amended Complaint, and Second Amended Complaint as a whole, his factual allegations fail to establish any actionable claims against any parties." (*Id.* at p. 4.)

In response to the report and recommendation, Plaintiff filed an unpermitted third amended complaint (ECF No. 11) seeking the assignment of a new district judge and magistrate judge to this matter. No substantive objections were raised in the third amended complaint. Plaintiff filed a fourth amended complaint without permission on December 2, 2025. (ECF No. 12.) Again, Plaintiff did not indicate in any way how the Magistrate Judge's report and recommendation was not supported by the facts or the law.

The applicable standard of review for a Magistrate Judge's report and recommendation when objections are filed is de novo review. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction.")  However, the plaintiff must file "specific objections." *Murphy v. Reed*, 22 F. App'x 390, 391 (6th Cir. 2001).  If a plaintiff

files "vague, general, or conclusory objections," then the Court may review the report and recommendation as if the plaintiff entirely failed to object. *Cole v. Yunkins*, 7 F. App'x 354, 356 (6th Cir. 2001).

In the present case, Plaintiff's objections, to the extent the third and fourth amended complaints are construed as objections, lack any reasonable specificity as to why the Magistrate Judge should have reached a different outcome. Consequently, the Court has not considered Plaintiff's vague and conclusory objections in reaching its decision. However, using any standard or review, the Court finds that the report and recommendation should be adopted in its entirety. The Magistrate Judge correctly determined that none of the complaints contain any factual allegations against Defendant Yvette Cross or any other previously named defendant and fail to articulate any causes of action.

Having reviewed the record, the controlling law, and Plaintiff's submissions, the Court agrees with the Magistrate Judge's decision that the complaint(s) must be dismissed. Therefore, the Court **ADOPTS** the report and recommendation, and this matter is hereby **DISMISSED**.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that the complaint and amended complaints cannot survive screening but the action has sufficient merit to support an appeal *in forma pauperis*. The same considerations that led the Court to adopt the report and recommendation for dismissal at screening also compel the conclusion that an appeal would not be taken in good faith. It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

The Clerk of the Court is **DIRECTED** to enter judgment.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 5, 2026

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.